IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UCHECHI EZE                                                                         PLAINTIFF

v.                                                      CIVIL ACTION # 2:07cv120-KS-MTP

RESMAE MORTGAGE CORPORATION, et. al                  DEFENDANTS

## ORDER

This cause is before the Court on the motion to dismiss [# 4] pursuant to Fed. R. Civ. P. 12(b)(6). Because the Plaintiff has stated at least a claim upon which relief can be granted, the motion to dismiss should he **denied**.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on motion to dismiss pursuant to Rule 12(b)(6), the district court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 204 (5th Cir. 2007). The reviewing court must also "resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

To survive a defendant's Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Despite the relaxed standard for pleading under the federal rules, the court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007). The plaintiff's factual allegations "must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted).

Turning to the instant Complaint, the Plaintiff has at least stated a claim upon which relief could be granted. Although many of the factual allegations appear doubtful at this stage, they remain uncontested in any way by the Defendants. Because they are assumed to be accurate for the purposes of the Rule 12(b)(6) motion, and all ambiguities are resolved in the Plaintiff's favor, the Complaint is sufficient to survive dismissal for failure to state a claim.

The Defendants in this action have made no effort to explain how the Plaintiff's Complaint fails to state a claim or is insufficient as a matter of law. They have not yet filed their Answer, and have made no factual allegations to controvert any facts alleged in the Plaintiff's Complaint. They submitted no brief in support of their motion, and their entire argument consists of the bare assertion that the Complaint fails to state a claim upon which relief can be granted, and hence the suit should be dismissed with prejudice. *See* Def.'s Mot. (Sep. 25, 2007).

Taking the uncontested facts in the light most favorable to the non-moving party, the Plaintiff's Complaint at least states a claim upon which relief can be granted, and hence dismissal of the Complaint pursuant to Rule 12(b)(6) is improper.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to dismiss [# 4] pursuant to Rule 12(b)(6) should be **denied**.

SO ORDERED AND ADJUDGED on this, the 22nd day of January, 2008.

                                                *s/Keith Starrett*
                                                United States District Judge