IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UCHECHI EZE**             **PLAINTIFF**

v.             **CIVIL ACTION # 2:07cv120-KS-MTP**

**RESMAE MORTGAGE CORPORATION;**
**POPULAR MORTGAGE SERVICING, INC;**
unknown owners of the evidence of the debt
and/or owners of the note             **DEFENDANTS**

## ORDER

This cause is before the Court on the motion to dismiss [Doc. # 14] filed by the Defendants, as well as the Court's own order to show cause [Doc. # 17] directed at the Plaintiff. Because the Plaintiff has repeatedly failed to respond to the orders of this Court, and has shown no interest in pursuing his litigation against the Defendants, the motion to dismiss should be **granted and the case dismissed with prejudice**.

Uchechi Eze filed suit in this Court on June 12, 2007, alleging various causes of action based on a mortgage relationship he had with the Defendants. Shortly after receiving the Complaint, the Defendants moved to dismiss [Doc. # 4] on September 25, 2007. The Court then entered a standard timing order [Doc. # 5] outlining the parties' briefing schedule. Despite being given a date certain by the Court, the Plaintiff failed to file a reply to the Defendant's motion. The Court then directed the Plaintiff [Doc. # 8] to show cause why he failed to respond to the timing order, and the Plaintiff again offered no response. The motion was denied despite it being unopposed.

1

On January 9, 2008, a telephonic case management conference was held before Magistrate Judge Michael T. Parker.  Despite having sufficient notice of the conference, the Plaintiff failed to call in or participate.  When the Plaintiff later ignored the Defendants' initial request for admissions, the Defendants again moved for dismissal [Doc. # 14] on March 19, 2008.  Although the Court directed the Plaintiff to respond by April 2, the Plaintiff again failed to do so.  The Court then entered an order [Doc. # 17] directing the Plaintiff to respond within 15 days and show cause for his failure to comply with the Court's prior orders.  The Plaintiff failed to respond.

Throughout the eleven-month course of this litigation, the only contact the Plaintiff has ever made with this Court or opposing counsel was in the filing of his Complaint.  Every subsequent attempt to contact the Plaintiff has failed, and the Plaintiff has made no effort to respond to any of the repeated requests and orders of this Court.  The Plaintiff has done nothing beyond his initial filing to demonstrate any interest in pursuing his claims against the Defendants.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, as well as the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).[1]  A dismissal with prejudice for failure to prosecute is proper when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir.

---

[1] This power permits the district courts to make an orderly and expeditious disposition of their cases. *Munday/Elkins Auto. Partners Ltd. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

2005).  A clear record of delay is present when there have been "significant periods of total inactivity." *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).  In dismissing a case with prejudice, the court should also find additional aggravating factors, including a "delay caused by the plaintiff" and not his attorney, an "actual prejudice to the defendant," or a "delay [that was] a result of intentional conduct." *Stearman v. C.I.R.*, 436 F.3d 533, 535 (5th Cir. 2006).

Dismissal with prejudice is the appropriate remedy here because Eze has "had a full opportunity during the pendency of the suit to state and develop his legal claims but did not do so." *Billingsley v. Howard*, 196 Fed. Appx. 258, 259 (5th Cir. 2006).  For the course of almost a year, the Plaintiff has ignored every single inquiry from the Defendant and every order issued from this Court.[2]  Since there has been no communication with the Plaintiff since his Complaint was filed, the Court sees little value in continuing to burden the Defendant in maintaining a defense to this action with a conditional dismissal.  Moreover, monetary sanctions against the Plaintiff would be futile because there is no acting attorney to sanction, and sanctions levied against the Plaintiff would almost certainly be ignored like every prior order of this Court.  The Plaintiff's uninterrupted silence in the face of this Court's repeated attempts to expedite this litigation force the Court to conclude that he has abandoned his case, making dismissal with prejudice the proper remedy. *See Oviedo v. Lowe's Home Improvement, Inc*., 184 Fed. Appx. 411, 412-13 (5th Cir. 2006) (upholding dismissal with prejudice when *pro se* plaintiff was "entirely uncooperative with the discovery process for a period of about five months"); *Smilde v. Snow*, 73 Fed. Appx. 24, 24 (5th Cir. 2003) (the plaintiff's "continuous delay and refusal to

---

[2] Parties have a duty to inquire periodically into the status of their litigation, and to respond to directives from the court. *See Wright v. Robinson*, 113 Fed. Appx. 12, 16 (5th Cir. 2004).

follow court orders sufficiently shows contumacious conduct" that warrants dismissal with prejudice).

## CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion to dismiss [Doc. # 14] is **granted**. A separate judgment in conformity with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED AND ADJUDGED on this, 8th day of May, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE